UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TRIMARD CAMPBELL,

                Plaintiff,

-against-                                 9:22-CV-479 (LEK/MJK)

DERRICK AUMICK, *et al.,*

                Defendant.

---

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Trimard Campbell brings this pro se action pursuant to 42 U.S.C. § 1983 against Defendants Prison Officials Derrick Aumick, Christopher Turpo, Matt Dematteo, Robert Butcher, Raymond Bunce, Paul Thomas, Sergeant Daniel Bomysoad, Dr. Trabout and Raymond Bunce (collectively "Defendants") asserting a violation of Campbell's constitutional rights. Dkt. No. 1. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to state a claim. Dkt. No. 67 ("Motion"). On July 18, 2025, the Honorable Mitchell J. Katz, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending the Motion be granted. Dkt. No. 72 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

### II.    BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. *See* R. & R. at 2–6.

In his analysis, Judge Katz recommended granting Defendant's Motion based on Plaintiff's failure to counter Defendants' statement of material facts ("SOMF") or produce any evidence to support his claims. *See* R. & R. at 8–20.

First, Judge Katz recommended "adopting Defendants' [SOMF] as true because Campbell failed to respond and knew the consequences for failing to do so." *Id*. at 8. Judge Katz reasoned that while "Defendant's SOMF is supported by documentary evidence" and "Plaintiff was given notice of the consequences for failing to respond," Plaintiff nevertheless "failed to respond." *Id*. at 9–10; *see also* Dkt. 68 at 2 ("Notification of the Consequence").

Next, Judge Katz recommended granting summary judgment on Plaintiff's deliberate medical indifference claim "because [Plaintiff] cannot prove either element." *Id*. at 10. After applying the appropriate two-prong test under *Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019), Judge Katz reasoned Plaintiff could not show that his injuries were sufficiently serious. Specifically, since "[Plaintiff] had no bruising or redness on his skin, no limitations in his range of motion, and no neurological deficits" and his "x-rays were negative for any broken bones." *Id.* at 11–12. Further, as to the subjective prong, Judge Katz explained that "[n]o evidence shows that Dr. Trabout was aware of any substantial risk to Campbell" and that Dr. Trabout appears to have "acted with prudence." *Id*. at 12–13.

As to Plaintiff's excessive force claim, Judge Katz recommended granting summary judgment because the Plaintiff "cannot show the Officer used force on him." *Id*. at 13. After applying the appropriate test under *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015), and reviewing the evidence, Judge Katz explained that each alleged instance of excessive force had no merit. *Id*. at 13. As to the January 25 incident, "video evidence shows that the Officers Defendants lifted Campbell and tried to place him in the wheelchair," and not that they "picked

him up and dropped him multiple times." *Id*. at 13–14. As to the January 26 and 29 incidents,

Judge Katz explained that "[a]t worst, the officers picked Campbell up, he resisted, and they put

him in the restraint chair to transport him" and that "Campbell has not submitted any evidence

indicating otherwise." *Id.* at 14.

Judge Katz then looked at Campbell's deliberate indifference to conditions of

confinement claims and recommended granting summary judgment to Defendants. *Id.* at 15.

After applying the two-prong test under *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017),

Judge Katz explained that "Campbell's complaints are [flatly] insufficient" because there was no

evidence that he was placed him in "a housing block only for white supremacists" and no

evidence that he received any "physical injury or damage." *Id.* at 16. (citing *McKethan v.*

*Carbone*, 97-CV-0061, 1998 WL 178804 at * 2 (N.D.N.Y. Apr. 13, 1998) (Pooler J.)). As to the

subjective prong, Judge Katz reasoned that "[e]ven if—being as generous as possible—the Court

assumed that Defendants knew D-Block only housed white supremacists," placing him in D-

block for only three hours, on its own, cannot be considered "so reckless that it rises to the level

of a constitutional violation." *Id.* Judge Katz also dismissed Plaintiff's conspiracy count on the

same basis because there was "no evidence of an agreement between any Defendants" to violate

Plaintiff's constitutional rights. *Id*. at 17.[1]

Finally, Judge Katz recommended granting summary judgment on Plaintiff's failure to

intervene claim as to Captain Bunce. *Id*. at 18–19. Judge Katz reasoned that Campbell could not

---

[1] Here, Judge Katz noted that Defendants "failed to brief the conspiracy issue Judge Kahn left
open in his §1915 review of Campbell's complaint . . . . [and] Defendants also failed to explicitly
address Plaintiff's conditions of confinement issues." R. & R. at 18 n.5. However, Judge Katz
found "no due process concerns" because Defendants' "notice of motion for
summary judgment clearly noted Defendants are seeking summary judgment on all claims." The
Court agrees and finds that Judge Katz did not commit clear error.

establish this claim because there was no evidence of a "condition posing a substantial risk of

serious harm to Campbell," and Bunce was both "unaware of D-Block being a White

Supremacist housing unit and he was unaware of the racist slurs Campbell claims were hurled at

him." *Id*. at 19.

Accordingly, Judge Katz thus recommended that the Motion be granted in its entirety. *Id.*

at 20.[2]

### III.    LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report

and recommendation], any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R.

72.1. However, if no objections are made, a district court need only review a report and

recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339

(S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to

which no timely objections have been made, provided no clear error is apparent from the face of

the record."). Clear error "is present when upon review of the entire record, the court is left with

the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of*

*Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[2] While Defendants raised a qualified immunity defense, Judge Katz found it "unnecessary to reach Defendants qualified immunity argument" given his recommendation that the Motion be granted on other grounds. *Id*. at 19.

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 72, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the motion for summary judgment, Dkt. No. 67, is **GRANTED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        September 25, 2025
              Albany, New York

LAWRENCE E. KAHN
United States District Judge

5